Carolyn H. Cottrell (SBN 166977)
Molly DeSario (SBN 230763)
Ori Edelstein (SBN 268145)
Veronica Chavez (SBN 312896)
**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
mdesario@schneiderwallace.com
oedelstein@schneiderwallace.com
vchavez@schneiderwallace.com

Tara Zabehi (Cal. State Bar No. 314706)
Connie Lee (Cal. State Bar No. 357364)
**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203
Telephone: (818) 265-1020
Facsimile: (818) 265-1021
tara@calljustice.com
connie@calljustice.com

*Attorneys for* Plaintiff Kevin Fernandez

**UNITED STATED DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KEVIN FERNANDEZ, individually, and on behalf of other members of the general public similarly situated;

Plaintiff,

vs.

MARRIOTT HOTEL SERVICES, LLC, a Delaware limited liability company; MARRIOTT HOTEL SERVICES, INC., a Delaware corporation; MARRIOTT INTERNATIONAL, INC., a Delaware corporation; SHERATON OPERATING CORPORATION, a Delaware corporation; and DOES 1 through 100, inclusive,

Case No.: 2:25-cv-06543-MEMF-MAR

Hon. Maame Ewusi-Mensah Frimpong
Department 8B

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(3) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum

| | |
|---|---|
| Defendants. | Wages);<br>(4) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);<br>(5) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);<br>(6) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);<br>(7) Violation of California Business & Professions Code § 17200, et seq.<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff KEVIN MC NIKKO CATAPANG FERNANDEZ ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1. This class action is brought pursuant to Fed. R. Civ. P. 23.

2. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. Section 1332(d), and this case was be removed pursuant to the provisions of 28 U.S.C. Section 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) the primary defendant is not a state, state official or other governmental entity; (3) the total amount in controversy for all class members exceeds $5,000,000; and (4) there is diversity between at least one class member and one defendant.

## PARTIES

3. Plaintiff KEVIN FERNANDEZ is an individual residing in the State of California, County of Los Angeles. He was employed by Defendants from September 2, 2022 to March 5, 2026 in Palm Springs, California as an hourly-paid Guest Services Agent.

4. Defendant MARRIOTT HOTEL SERVICES, LLC, at all times herein mentioned, was and is, upon information and belief, a Delaware limited liability company doing business in California, and at all times hereinafter mentioned, an

employer whose employees are engaged throughout this District and throughout the State of California. Defendant MARRIOTT HOTEL SERVICES, LLC maintains offices, has agents, and is licensed to transact and does transact business in the State of California, County of Los Angeles.

5. Defendant MARRIOTT HOTEL SERVICES, INC., at all times herein mentioned, was and is, upon information and belief, a Delaware corporation and an employer whose employees are engaged throughout the State of California, including the County of Los Angeles. Defendant MARRIOTT HOTEL SERVICES, INC., maintains offices, has agents, and is licensed to transact and does transact business in the State of California, County of Los Angeles.

6. Defendant MARRIOTT INTERNATIONAL, INC., at all times herein mentioned, was and is, upon information and belief, a Delaware corporation and an employer whose employees are engaged throughout the State of California, including the County of Los Angeles. Defendant MARRIOTT INTERNATIONAL, INC., maintains offices, has agents, and is licensed to transact and does transact business in the State of California, County of Los Angeles.

7. Defendant SHERATON OPERATING CORPORATION, at all times herein mentioned, was and is, upon information and belief, a Delaware corporation and an employer whose employees are engaged throughout the State of California, including the County of Los Angeles. Defendant SHERATON OPERATING CORPORATION maintains offices, has agents, and is licensed to transact and does transact business in the State of California, County of Los Angeles.

8. At all relevant times, Defendants MARRIOTT HOTEL SERVICES, LLC, MARRIOTT HOTEL SERVICES, INC., MARRIOTT INTERNATIONAL, INC., and SHERATON OPERATING CORPORATION were the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

9. At all times herein relevant, Defendants MARRIOTT HOTEL SERVICES, LLC, MARRIOTT HOTEL SERVICES, INC., MARRIOTT

INTERNATIONAL, INC., SHERATON OPERATING CORPORATION, and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators, and/or assigns each of the other, and at all times relevant hereto, were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators, and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and/or consent of each defendant designated as a DOE herein.

10. The true names and capacities, whether corporate, associate, individual, or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based thereon, alleges that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

11. Defendant MARRIOTT HOTEL SERVICES, LLC, MARRIOTT HOTEL SERVICES, INC., MARRIOTT INTERNATIONAL, INC., SHERATON OPERATING CORPORATION, and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

12. Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendants employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings causes of action as a class action on behalf of himself and the putative Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

14. The proposed class is defined as follows:

CLASS: All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from April 30, 2021 to final judgment and who reside in California.

SUBCLASS A: All class members who received overtime compensation at a rate lower than their respective regular rate of pay because Defendants failed to include all shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay in the calculation of the regular rate of pay for overtime pay purposes.

SUBCLASS B: All class members who earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay that was not used to calculate the amount of the rest break penalty/premium payment.

SUBCLASS C: All class members who were subject to Defendants' policy to require their hourly-paid or non-exempt employees to remain on the work premises during rest breaks.

SUBCLASS D: All class members who were subject to Defendants' practice of rounding time recorded for compensation of regular and overtime wages.

15. Plaintiff reserves the right to establish subclasses as appropriate.

16. The class is ascertainable, and there is a well-defined community of interest in the litigation:

a. Numerosity: The class members are so numerous that joinder

of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals, and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b. Typicality: Plaintiff's claims are typical of all other class members' as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom he has a well-defined community of interest.

c. Adequacy: Plaintiff will fairly and adequately protect the interests of each class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e. Public Policy Considerations: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class

actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

17. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a. Whether the shift differential pay/commissions/bonuses/performance pay that Defendants paid were non-discretionary;

b. Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code was willful;

c. Whether Defendants had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed (short, late, interrupted, and/or missed altogether) rest breaks in violation of California law;

d. Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

e. Whether Defendants deprived Plaintiff and the other class members of rest periods or required Plaintiff and the other class members to work during rest periods without compensation;

f. Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

g. Whether Defendants failed to pay all wages due to Plaintiff and

the other class members within the required time upon their discharge or resignation;

h. Whether Defendants complied with wage reporting as required by the California Labor Code, including, *inter alia*, section 226;

i. Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

j. Whether Defendants' conduct was willful or reckless;

k. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

l. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

m. Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

18. Class certification is appropriate because the aforementioned questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices have unlawfully denied Plaintiff and the other class members overtime wages for all overtime hours worked in compliance with the applicable Industrial Welfare Commission ("IWC") Order and California Labor Code, have denied them rest period premiums for all rest periods that were not provided in compliance with the applicable IWC Order and California Labor Code, have denied them of minimum wages for all hours worked, have denied them of accurate wage statements in compliance with the California Labor Code, have denied them from getting

reimbursed for necessary business related expenses, and amount to unfair competition under California Business and Professions Code Sections 17200 et seq. The damages suffered by individual class members are relatively small compared to the expense and burden of individual prosecution of this litigation. For this reason, as well as the fact that class members currently employed by Defendants may fear direct or indirect retaliation from Defendants for prosecuting an action against Defendants, the class members' interests in individually controlling the prosecution of this action is minimal. In addition, a class action in this forum is desirable as it will eliminate the risk of inconsistent rulings regarding the legality of Defendants' policies, practices, and procedures. Managing this case as a class action will not present difficulties as the parties can utilize approved methods of random statistical sampling and expert testimony at trial.

## GENERAL ALLEGATIONS

19. At all relevant times set forth herein, Defendants employed Plaintiff and the other class members as hourly-paid or non-exempt employees within the State of California, including the County of Los Angeles.

20. Defendants, jointly and severally, have employed Plaintiff as an hourly-paid, non-exempt Guest Services Agent from approximately September 2022 to present in the State of California, County of Los Angeles.

21. Defendants hired Plaintiff and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked, and missed, shortened, late, and/or interrupted rest periods.

22. Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

23. Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be

joint employers of Plaintiff and the other class members.

24. Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

25. Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

26. Plaintiff and the other class members worked over eight (8) hours in a day and/or forty (40) hours in a week during their employment with Defendants.

27. For example, Plaintiff typically works about 5 days per week, with each shift usually scheduled for about 8 hours per day. Thus, any additional unpaid time Plaintiff work would be considered overtime on a weekly and daily basis. There are also many weeks where Plaintiff worked additional shifts and/hours in excess of what he is scheduled. Plaintiff cannot provide the exact dates of these weeks until discovery has begun, and he is able to obtain all of his time and pay records.

28. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed, shortened, late, and/or interrupted rest breaks in violation of California law. For example, because of Defendants' systemic understaffing, Plaintiff and putative class members worked through their rest breaks on a weekly basis in violation of California law.

29. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to use the shift differential pay/commissions/non-discretionary

bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek. For example, when Plaintiff and class members work the night shift, they receive a shift differential of approximately $1 per hour. They also receive commissions that are based on objective criteria such as room upgrades, but these are not included in the calculation of the regular rate.

31. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members all required rest periods during the relevant time period as required under the Industrial Welfare Commission ("IWC") Wage Orders, and, thus, they are entitled to any and all applicable penalties.

32. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide, authorize, and permit Plaintiff and other class members to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3.5) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period.

33. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed, shortened, late, and/or interrupted and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed, shortened, late, and/or interrupted. During the relevant time period, Plaintiff's and the other class

members' rest periods were missed, short, late and/or interrupted because Defendants required them to perform work duties during their purported rest periods and to remain on premises. Plaintiff did not receive premium payments for rest periods that were not authorized or permitted.

34. Plaintiff is informed and believes, and based thereon alleges, that Defendants required Plaintiff and the other class members to remain on Defendants' premises during purported rest periods, thereby failing to relieve them of all employer control.

35. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non- discretionary performance pay to calculate the regular rate of pay for the rest period premium wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and rest period premium wages in the same workweek.

36. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked. Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off-the-clock performing work duties, including, but not limited to, responding to business-related inquiries, assisting guests, and completing time-sensitive company deadlines.

37. Plaintiff is informed and believes, and based thereon alleges, that Defendants, through their common timekeeping system and procedures, also rounded the work time recorded by Plaintiff and the other class members in a manner that was not fair and neutral on its face and/or that favored Defendants over time, resulting in Plaintiff and the other class members being underpaid for their time

worked.

38. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them, including earned but unpaid overtime and minimum wages and rest period premiums, and they have not received all such wages owed to them.

39. In fact, Plaintiff complained to Defendants regarding the missed or shortened rest periods, but nothing was done to fix these issues and Defendants still did not compensate Plaintiff for such time worked.

40. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but they did not receive complete and accurate wage statements from Defendants. The deficiencies included, *inter alia*, the failure to include the accurate total amount of wages earned by Plaintiff and the other class members and accurate, applicable hourly rates in effect during the pay period.

41. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

42. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for all necessary business-related expenses, including, the use of personal phones for business-related purposes and costs incurred to comply with Defendants' dress code, including the costs of purchasing dress shoes.

43. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

44. During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked. Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked, including work performed off-the-clock.

**FIRST CAUSE OF ACTION**

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against MARRIOTT HOTEL SERVICES, LLC, MARRIOTT HOTEL SERVICES, INC., MARRIOTT INTERNATIONAL, INC., SHERATON OPERATING CORPORATION, and DOES 1 through 100)**

45. Plaintiff incorporates by reference the allegations contained in each preceding paragraph, and each and every part thereof with the same force and effect as though fully set forth herein.

46. California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one-and-one-half times (1.5x) or two times (2x) that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

47. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members who worked more than eight (8) hours in a day or forty (40) hours in a workweek at the

rate of one-and-one-half times (1.5x) all hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek.

48. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times (2x) their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

49. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times (1.5x) the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

50. During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day and/or forty (40) hours in a week.

51. During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members. Plaintiff and the other class members did not receive overtime compensation at one and one-half times their regular hourly rate of pay for all hours spent performing job duties in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work. By way of example, Plaintiff was required to assist hotel guests after working shifts of 8 hours and, on those days, was not compensated at an overtime rate for all time worked in excess of eight (8) hours per day.

52. Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198.

53. Pursuant to California Labor Code section 1194, Plaintiff and the other

class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**<u>SECOND CAUSE OF ACTION</u>**

**(Violation of California Labor Code § 226.7)**

**(Against MARRIOTT HOTEL SERVICES, LLC, MARRIOTT HOTEL SERVICES, INC., MARRIOTT INTERNATIONAL, INC., SHERATON OPERATING CORPORATION, and DOES 1 through 100)**

54. Plaintiff incorporates by reference the allegations contained in each preceding paragraph, and each and every part thereof with the same force and effect as though fully set forth herein.

55. At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

56. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by the applicable IWC Wage Order.

57. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable, shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked, or major fraction thereof," unless the total daily work time is less than three and one-half (3 ½) hours.

58. During the relevant time period, Defendants required Plaintiff and other class members to work three and one-half (3 ½) or more hours without authorizing or permitting a ten (10) minute net rest period per each four (4) hour period, or major fraction thereof, worked.

59. During the relevant time period, Defendants did not provide Plaintiff and the other class members ten (10) minute rest periods when they worked shifts

of at least three and one-half (3 ½) hours but less than four (4) hours in length.

60. During the relevant time period, Plaintiff and the other class members' rest periods were missed, shortened, late, and/or interrupted because Defendants required them to perform work duties including, but not limited to, responding to business related inquiries and instructions and completing time-sensitive company deadlines.

61. Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

62. As a result, Defendants failed to provide, authorize, and/or permit Plaintiff and other class members to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3 ½) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and/or three full, uninterrupted, off-duty rest periods for every shift lasting ten (10) to fourteen (14) hours and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period.

63. During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

64. During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

65. Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

66. Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate

of compensation for each work day that a rest period was not provided.

**THIRD CAUSE OF ACTION**

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against MARRIOTT HOTEL SERVICES, LLC, MARRIOTT HOTEL SERVICES, INC., MARRIOTT INTERNATIONAL, INC., SHERATON OPERATING CORPORATION, and DOES 1 through 100)**

67. Plaintiff incorporates by reference the allegations contained in each preceding paragraph, and each and every part thereof with the same force and effect as though fully set forth herein.

68. At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that employees must be paid at least minimum wage, and any lesser payment than the fixed minimum is unlawful.

69. During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required pursuant to California Labor Code sections 1194, 1197, and 1197.1. Defendants' failure to pay minimum wages included, *inter alia,* Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off-the-clock performing work duties, including, but not limited to, responding to business-related inquiries and completing time-sensitive company deadlines.

70. Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections, Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

71. Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages and $250.00 for each

subsequent failure to pay each employee minimum wages.

72. Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 201 and 202)**

**(Against MARRIOTT HOTEL SERVICES, LLC, MARRIOTT HOTEL SERVICES, INC., MARRIOTT INTERNATIONAL, INC., SHERATON OPERATING CORPORATION, and DOES 1 through 100)**

73. Plaintiff incorporates by reference the allegations contained in each preceding paragraph, and each and every part thereof with the same force and effect as though fully set forth herein.

74. At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

75. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

76. Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

77. California Labor Code section 203 provides that if an employer

willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

78. Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## **FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code § 226(a))**

**(Against MARRIOTT HOTEL SERVICES, LLC, MARRIOTT HOTEL SERVICES, INC., MARRIOTT INTERNATIONAL, INC., SHERATON OPERATING CORPORATION, and DOES 1 through 100)**

79. Plaintiff incorporates by reference the allegations contained in each preceding paragraph, and each and every part thereof with the same force and effect as though fully set forth herein.

80. At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated with the month, day, and year, and a copy

of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

81. Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include but are not limited to: the failure to include the accurate total number of hours worked by Plaintiff and the other class members.

82. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights. Because Plaintiff and the putative class members' wage statements did not reflect the accurate number of regular hours worked, did not reflect the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, Plaintiff and the putative class members were unable to determine the total amount of hours they worked, were unable to determine the total amount of compensation they were owed, and were unable to verify they were paid the proper amount. In order to determine how much Plaintiff and the putative class members should have been paid, Plaintiff and the putative class members would have had to engage in discovery and mathematical computations in order to reconstruct the missing information.

83. More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

84. Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a) or an aggregate penalty not

exceeding $4,000 per employee.

85. Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section pursuant to California Labor Code section 226(h).

## SIXTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against MARRIOTT HOTEL SERVICES, LLC, MARRIOTT HOTEL SERVICES, INC., MARRIOTT INTERNATIONAL, INC., SHERATON OPERATING CORPORATION, and DOES 1 through 100)**

86. Plaintiff incorporates by reference the allegations contained in each preceding paragraph, and each and every part thereof with the same force and effect as though fully set forth herein.

87. Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

88. Plaintiff and the other class members incurred necessary business-related expenses and costs throughout the duration of their employment that were not fully reimbursed by Defendants, including but not limited to the use of personal phones for business-related purposes and costs incurred to comply with Defendants' dress code, including the costs of purchasing dress shoes.

89. Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

90. Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil

actions in the State of California.

## SEVENTH CAUSE OF ACTION

**(Violation of California Business & Professions Code § 17200, et seq.)**

**(Against MARRIOTT HOTEL SERVICES, LLC, MARRIOTT HOTEL SERVICES, INC., MARRIOTT INTERNATIONAL, INC., SHERATON OPERATING CORPORATION, and DOES 1 through 100)**

91. Plaintiff incorporates by reference the allegations contained in each preceding paragraph, and each and every part thereof with the same force and effect as though fully set forth herein.

92. Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

93. Defendants' activities, as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

94. A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law. In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1. Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class

members violate California Labor Code sections 201 and 202. Defendants also violated California Labor Code sections 226(a), 2800, and 2802.

95. As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

96. Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

97. Pursuant to California Business & Professions Code section 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences April 30, 2021, an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws, and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;
2. That Plaintiff be appointed as the representative of the Class;
3. That counsel for Plaintiff be appointed as Class Counsel; and
4. That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail, and telephone numbers) of all class members.

### As to the First Cause of Action

5. That the Court declare, adjudge, and decree that Defendants violated

California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9. For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

10. That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

11. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

12. For all actual, consequential, and incidental losses and damages, according to proof;

13. For premium wages pursuant to California Labor Code section 226.7(c);

14. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

15. For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

16. That the Court declare, adjudge, and decree that Defendants violated

California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

17. For general unpaid wages and such general and special damages as may be appropriate;

18. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

19. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

20. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

21. For liquidated damages pursuant to California Labor Code section 1194.2; and

22. For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause of Action**

23. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

24. For actual, consequential, and incidental losses and damages, according to proof;

25. For statutory penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

26. For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

27. For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

28. That the Court declare, adjudge, and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

29. For actual, consequential, and incidental losses and damages, according to proof;

30. For statutory penalties pursuant to California Labor Code section 226(e);

31. For injunctive relief to ensure compliance with this section pursuant to California Labor Code section 226(h); and

32. For such other and further relief as the Court may deem just and proper.

**As to the Sixth Cause of Action**

33. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

34. For actual, consequential, and incidental losses and damages, according to proof;

35. For the imposition of civil penalties and/or statutory penalties;

36. For reasonable attorneys' fees and costs of suit incurred herein; and

37. For such other and further relief as the Court may deem just and proper.

**As to the Seventh Cause of Action**

38. That the Court declare, adjudge, and decree that Defendants violated California Business and Professions Code section 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to

them, failing to provide all rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to timely pay Plaintiff's and the other class members' wages, failing to provide Plaintiff and other class members with complete and accurate wage statements, and failing to reimburse Plaintiff and the other class members for necessary business-related expenses and costs.

39. For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

40. For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violating California Business and Professions Code section 17200, et seq.;

41. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

42. For injunctive relief to ensure compliance with this section pursuant to California Business and Professions Code section 17200, et seq.; and

43. For such other and further relief as the Court may deem just and proper.

Dated: September 2, 2026

**SCHNEIDER WALLACE COTTRELL KIM LLP**

By: <u>*/s/ Veronic Chavez*</u>
Carolyn Cottrell
Molly DeSario
Ori Edelstein
Veronica Chavez
*Attorneys for Plaintiff and the putative Class*